UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| WILLIAM PAUL MCCLOTHIAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-175 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## **ORDER OF DISMISSAL**

Petitioner William Paul McClothian (TDCJ #1522187) seeks habeas corpus relief under 28 U.S.C. § 2254.  Pending before the Court is respondent's motion to dismiss for failure to exhaust state court remedies (DE 5).  After considering the pleadings and applicable law, the Court grants the motion to dismiss.

On March 2, 2012, the Texas Board of Pardons and Parole denied petitioner's release to discretionary mandatory supervision.  Petitioner did not file a state writ application challenging the decision.  (DE 5, Exh. C). Respondent therefore correctly argues that the petition must be dismissed for failure to exhaust state court remedies.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), an application for writ of habeas corpus shall not be granted unless the petitioner has fully exhausted state remedies.  28 U.S.C. § 2254(b) and (c).  This means that a petitioner must fairly present the factual and legal basis of any claim to the highest

1

available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A petitioner therefore must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). This requirement, which allows Texas courts the opportunity to consider a petitioner's claims before they are presented to a federal court, extends to habeas claims that challenge parole board actions. *Id*.

After careful review of the petition and response to the motion to dismiss, the Court can find no reason why this action should be allowed to proceed in the absence of exhaustion. The petitioner is advised that, barring limitations issues, the state habeas process may still be available to him.

For the foregoing reasons, the motion to dismiss is **GRANTED** and this case is **DISMISSED** without prejudice for failure to exhaust state remedies.

The Clerk shall terminate all pending motions.

A certificate of appealability is **DENIED**.

It is so **ORDERED.**

SIGNED this 16th day of September, 2013.

_____
Gregg Costa
United States District Judge